# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

**MIRABILIS VENTURES, INC.,**  CASE NO: 6:08-bk-4327-KSJ

CHAPTER 11

**Debtor.**
_____/

**MIRABILIS VENTURES, INC., f/k/a AEM, INC.,**

**Plaintiff,**

vs.

**FIFTH-THIRD BANK,**

**Defendant.**
_____/

## COMPLAINT AGAINST FIFTH THIRD BANK FOR DAMAGES

Plaintiff, MIRABILIS VENTURES, INC. f/k/a AEM, INC. (the "Liquidated Debtor" or "AEM"), by and through its undersigned counsel, and pursuant to Rule 7001, *Federal Rules of Bankruptcy Procedure* and 11 U.S.C. §541, hereby files its complaint against Defendant, FIFTH THIRD BANK ("Defendant")(the "Action"), and in support, states as follows:

### Nature of Action

This is an adversary proceeding brought pursuant to Chapter 673, *Florida Statutes*, and F.R.B.P. 7001, seeking to recover damages from Defendant for failing to follow reasonable commercial banking procedures and for conversion.

### Parties

1. AEM is a liquidated debtor in the above-styled case and is a Florida corporation with its principal place of business in Orange County, Florida.

2. Upon information and belief, Defendant is a foreign corporation with its principal place of business in Grand Rapids, Michigan. Defendant maintains numerous offices around Florida, including, but not limited to, Orange County.

## Jurisdiction and Venue

3. This Court has jurisdiction over this Action pursuant to 28 U.S.C. §§ 1334 and 157(b). Venue in this district is proper pursuant to 28 U.S.C. § 1409. The Court has jurisdiction over the parties pursuant to Rule 7004(f).

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (O).

5. On May 27, 2008, Mirabilis Ventures, Inc. ("Mirabilis") and Hoth Holdings, LLC ("Hoth") filed voluntary petitions for relief with the United States Bankruptcy Court for the Middle District of Florida: *In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KSJ, *In re Hoth Holdings, LLC*, Case No. 6:08-bk-04328-KSJ and on June 5, 2008, AEM, Inc. ("AEM") filed its voluntary petition for relief with the United States Bankruptcy Court of the Middle District of Florida: *In re AEM, Inc.*, Case No. 6:08-bk-04681 ("Bankruptcy Cases")(collectively, Mirabilis, Hoth and AEM referred to as "Debtors"). (Bankr. Doc. No. 1).

6. On August 14, 2009, the Debtors filed their Joint Amended Plan of Liquidation (the "Joint Plan"). (Doc. No. 133).

7. On October 15, 2009, the Debtors filed their modifications to the Joint Plan which clarified that under the Joint Plan, the Debtors would be substantively consolidated into the new Liquidated Debtor: Mirabilis Ventures, Inc. and that the Liquidated Debtor would retained all rights to pursue any and all causes of action previously held by and on behalf of the Debtors. (Doc. No. 172).

8. On October 27, 2009, the Court entered an Order Confirming the Joint Plan. (Doc. No. 174).

9. AEM, as the Liquidated Debtor, has the capacity and authority to pursue the instant action.

**Procedural History and Factual Background**

10. In January 2008, AEM reached an agreement with Ron Sachs Communications ("Sachs") to provide services to AEM (the "Services Agreement").

11. As a condition to fulfilling the Services Agreement, Sachs required AEM to submit payment in the amount of Thirty Thousand Dollars and No Cents ($30,000.00)(the "Funds").

12. At all times relevant to this action, AEM maintained an account with Defendant at its 100 S. Orange Avenue, Maitland, Florida 32751 branch office, among other locations.

13. On January 10, 2008, AEM purchased a cashier's check (Check No. 12631138)(the "Cashier's Check") from the Defendant and made payable to Sachs in an amount equal to the Funds. A true and correct copy of the front and back of the Cashier's Check is attached hereto as **Exhibit "A."**

14. However, despite the fact that the name of the party to which the Cashier's Check was payable was clearly written, Defendant allowed Frank Amodeo ("Amodeo") to deposit the Cashier's Check into an account in the name of AQMI Strategy Corporation ("AQMI") at Defendant's branch office located in Central Florida on our about June 4, 2008. A true and correct copy of the AQMI deposit slip evidencing said deposit is attached hereto as **Exhibit "B."**

15. There is no relationship between AQMI and AEM.

16. The endorsed signature on the back of the Cashier's Check was clearly signed in Amodeo's individual capacity and references only the AQMI account number. *See Exhibit "A."*

17. There was no reference to Sachs on the endorsement or otherwise.

18. Defendant failed to use commercially reasonable business practices by allowing Amodeo to deposit the Sachs Cashier's Check into the AQMI account.

19. As a direct result of Defendant's failures, AEM was forced to make other financial arrangements to pay the amounts due to Sachs.

20. Additionally, pursuant to the terms of the parties' deposit agreement, Defendant warranted to only pay properly authorized checks.

21. Defendant clearly failed to comply with this provision of the deposit agreement.

22. AEM discovered Firth Third's actions and inactions related to the Sachs' Cashier's Check in October 2010.

23. On October 19, 2010, counsel for AEM sent a letter to the Defendant demanding repayment of the amount of the Cashier's Check. A true and correct copy of the letter is attached hereto as **Exhibit "C."**

24. However, Defendant has failed and continues to fail to reimburse the amount of the Cashier's Check to AEM.

25. All condition precedent to the institution of this action have been completed, excused or waived.

## COUNT I
## VIOLATION OF FLORIDA STATUTE § 673.4201

26. AEM re-states and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. Defendant owed AEM a duty to act with due care in depositing the Cashier's Check which was purchased by Defendant for the purpose of paying Sachs.

28. Defendant knew or should have known that the deposit of the Cashier's Check into the AQMI account was unauthorized and improper.

29. Defendant breached its duty of care and failed to take reasonable steps available to it to ascertain the genuineness of the endorsement of the Cashier's Check.

30. Defendant was grossly negligent by depositing the Cashier's Check in the AQMI account without following reasonable commercial banking procedures and standards.

31. As a direct and proximate result of Defendant's negligence, Defendant has violated Florida Statute § 673.4201 and AEM has been damaged in the amount of Thirty Thousand Dollars ($30,000.00), together with interest at the statutory rate.

**WHEREFORE**, AEM, INC. respectfully requests this Court to enter a judgment in its favor and against FIFTH THIRD BANK for damages, costs and interest, and such further relief as the Court deems necessary, appropriate, equitable, proper, and consistent with the terms of this Action.

## COUNT II
## CONVERSION

32. AEM re-alleges and re-states paragraphs 1-25 as if fully set forth herein.

33. Defendant has and continues to deprive AEM of its property by depositing the Cashier's Check in the AQMI account and forcing AEM to provide additional capital to Sachs.

34. To date, and despite AEM's demand of the return of the Funds, Defendant has failed to return the $30,000.00 that represented the amount of the Cashier's Check to AEM.

35. As a direct result of Defendant's failures, Defendant has committed conversion.

36. As a result, AEM has been damaged in the amount of Thirty Thousand Dollars ($30,000.00), together with interest at the statutory rate.

WHEREFORE, AEM, INC. respectfully requests this Court to enter a judgment in its favor and against FIFTH THIRD BANK for damages, costs and interest, and such further relief as the Court deems necessary, appropriate, equitable, proper, and consistent with the terms of this Action.

RESPECTFULLY SUBMITTED this 1st day of November 2010.

/s/ Justin M. Luna
Mariane L. Dorris, Esquire
Florida Bar No. 0173665
mdorris@lseblaw.com
Justin M. Luna, Esquire
Florida Bar No. 0037131
jluna@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
P. O. Box 3353 (32802-3353)
Orlando, Florida 32801
Tel: 407-481-5800
Fax: 407-481-5801
Attorney for the Plaintiff

Amy



| | |
|---|---|
| Posting Date | 2008 Jun 04 |
| DB/CR Indicator | Debit |
| Amount | $30,000.00 |
| Posting Check Number | 12631138 |
| Posting Account Number | 0 |
| Posting Seq Number | 66642318 |
| Tran Code | 0 |
| ABA/RT Number | 4210119 |

Exhibit "A"

Amy



| | |
|---|---|
| Posting Date | 2008 Jun 04 |
| DB/CR Indicator | Credit |
| Amount | $30,000.00 |
| Posting Check Number | 600 |
| Posting Account Number | 7440634728 |
| Posting Seq Number | 66642317 |
| Tran Code | 600 |
| ABA/RT Number | 55556043 |

EXHIBIT "B"

# LATHAM, SHUKER, EDEN & BEAUDINE, LLP
## ATTORNEYS AT LAW

MICHAEL J. BEAUDINE
THOMAS S. CARGILL
DANIEL H. COULTOFF
MARIANE L. DORRIS
JENNIFER S. EDEN
DOROTHY F. GREEN
CHIRAG B. KABRAWALA
JASON H. KLEIN
BRUCE D. KNAPP
VICTORIA KOTHARI

\* BOARD CERTIFIED
BUSINESS BANKRUPTCY ATTORNEY

390 NORTH ORANGE AVENUE, SUITE 600
ORLANDO, FLORIDA 32801
POST OFFICE BOX 3353
ORLANDO, FLORIDA 32802
TELEPHONE: (407) 481-5800
FACSIMILE: (407) 481-5801
WWW.LSEBLAW.COM

PETER G. LATHAM
JUSTIN M. LUNA
LORI T. MILVAIN
\* R. SCOTT SHUKER
JONATHAN A. STIMLER
HEWETT G. WOODWARD

DIRECT DIAL: (407) 481-5804
EMAIL: JLUNA@LSEBLAW.COM

October 19, 2010

*Via Federal Express*

Fifth Third Bank
38 Fountain Square Plaza
Cincinnati, Ohio 45263
**ATTN: Legal Department**

      RE: *AEM, Inc. v. Fifth Third Bank*

Dear Madam/Sir:

      Please be advised that this firm represents AEM, Inc. ("AEM") regarding the aforementioned matter. My client hereby demands Fifth Third repay AEM the sum of Thirty Thousand Dollars ($30,000.00) for conversion of a cashier's check that was purchased by AEM.

      By way of factual background, on or about January 10, 2008, AEM purchased a cashier's check (Check No. 12631138) which was made payable to Ron Sachs Communications in the amount of Thirty Thousand Dollars ($30,000.00)(the "Cashier's Check"). A true and correct copy of the front and back of the Cashier's Check is attached as **Exhibit "A."** However, despite the fact that the name of the party to which the cashier's check was payable was clearly written, Fifth Third allowed Frank Amodeo ("Amodeo") to deposit the cashier's check into an account in the name of AQMI Strategy Corporation ("AQMI"). A true and correct copy of the AQMI deposit slip evidencing said deposit is attached as **Exhibit "B."** The endorsed signature on the back of the cashier's check was clearly signed in Mr. Amodeo's individual capacity and references only the AQMI account number. *See Exhibit "A."* There was no reference to Ron Sachs Communications on the endorsement or otherwise. Therefore, it is clear that Fifth Third failed to use commercially reasonable business practices by allowing Mr. Amodeo to deposit the Ron Sachs Communications cashier's check into the AQMI account. Additionally, pursuant to the terms of the parties' deposit agreement, Fifth Third warranted to only pay properly and authorized checks. Fifth Third clearly failed to comply with this provision of the deposit agreement. As a direct result of Fifth Third's failures, AEM has been damaged.

**EXHIBIT "C"**

An entity has committed conversion, under Florida Statute § 673.4201 and under Florida common law, when: (i) a party who has a right to possession of property; (ii) demands its return; and (iii) its return and/or demand can not be made. *See also Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So.2d 490, 500 (Fla. 3d DCA 1994), *rev. denied*, 659 So.2d (Fla. 1995)(citing to *Shelby Mutual Insurance Co. of Shelby, Ohio v. Crain Press, Inc.*, 481 So.2d 501, 503 (Fla. 2d DCA 1985), *review denied*, 491 So.2d 278 (Fla. 1986). A party who has purchased a cashier's check has a right to possession of property, and has standing to bring suit directly against a confirming bank, for improperly cashing a cashier's check. *See Lawrence v. Central Plaza Bank and Trust Company*, 469 So.2d 201 (Fla. 2d DCA 1985).

It is well established under Florida law, that the unauthorized redemption of a cashier's check, by a bank, is prima facie evidence of conversion. *See Landmark Bank of Brevard v. Hegeman-Harris Company, Inc.*, 522 So.2d 1051 (Fla. 5th DCA 1988). In *Landmark Bank*, a bank failed to detect an improper endorsement and erroneously deposited a check payable to a completely different company to the account of another company with a similar name. *Id.* at 1051. The payee sued the confirming bank for conversion of the funds represented by the check. *Id.* In granting judgment against the bank for conversion, the court made it abundantly clear that, "In order to establish a prima facie case against the collecting bank, the payee **need only prove a conversion, i.e., that the bank collected and paid to another the proceeds of a check...without the plaintiff's consent.**" *Id.* 1052-153. (Emphasis added). Thus, Florida sets the bar very low for a party to establish a prima facie case of conversion against a bank that allows a party who is not the payee on the cashier's check to deposit said cashier's check.

In the instant matter, Fifth Third has clearly committed conversion against AEM. AEM had a beneficial and ownership interest in the Cashier's Check until it was rightfully cashed by Sachs (which never occurred). Fifth Third completely disregarded the plain and clear writing on the Cashier's Check, failed to use commercially reasonable banking practices, and failed to comply with the Deposit Agreement by allowing Amodeo, a person that has no authority to act on behalf of AEM or for the AEM Account, to deposit the Cashier's Check made out to Sachs into the AQMI Account. Thus, AEM is entitled to $30,000.00, which represents the face amount of the Cashier's Check, plus interest at the statutory rate, as provided for under Florida Statute § 673.4201 and Florida law, for Fifth Third's conversion of the Cashier's Check.

Please contact the undersigned no later than **Friday, October 29, 2010 by close of business** to arrange for payment, or we will be forced to commence legal action against Fifth Third for damages, costs, interest, as well as attorneys' fees. A true and correct copy of the Adversary Complaint we will file (without attachments) is attached hereto as **Exhibit "C."** I

hope that we are able to avoid this course of action, but to be clear, my client will take any and all steps necessary to recover their losses.[a]

If you wish to discuss this situation further, please do not hesitate to contact me directly at jluna@lseblaw.com or 407-481-5804.

Sincerely,

Justin M. Luna, Esq.

JML/jml
Attachments

cc: R.W. Cuthill, Jr. (w/attachments)
Mariane L. Dorris, Esq. (w/attachments)

---

[a] Fifth Third, through its counsel of Ms. Ginny Childs, Esq. at Akerman Senterfitt, LLP in Orlando, Florida, settled with AEM on a factually similar, but completely unrelated transaction, regarding the Mokwa Bates Cashier's Check.